UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY ROY CROSBY,<br>Petitioner,<br>-against-<br>UNITED STATES OF AMERICA,<br>Respondent. | 26-CV-5720 (LTS)<br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Jeffrey Roy Crosby, currently incarcerated at F.C.I. Otisville, brings this *pro se* petition invoking 28 U.S.C. § 2241 and challenging the legality of his conviction and sentence entered in *United States v. Crosby*, No. 96-CR-0361 (CMC) (D.S.C. Aug. 9, 1996), *aff'd*, 139 F.3d 893 (4th Cir. Apr. 2, 1998). For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Fourth Circuit.

**DISCUSSION**

**A. Petitioner may not bring his grounds for relief under 28 U.S.C. § 2241**

The proper jurisdictional basis for the relief that Petitioner seeks is 28 U.S.C. § 2255, not Section 2241. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001). By contrast, under Section 2241, a federal prisoner may challenge the "*execution* of [his] sentence," *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997), such as decisions to deny parole, or conditions of confinement, *see, e.g.*, *Jiminian*, 245 F.3d at 146. Petitioner's claim—in which he alleges that his rights were violated in the course of his prosecution—falls within the scope of a Section 2255 motion, but outside that of a Section 2241 petition.

Petitioner's claim that Section 2241 is nevertheless proper under the savings clause of Section 2255(e) does not satisfy the standards set forth in Section 2255 to bring a Section 2241 petition. In limited circumstances, a Section 2255 motion may be "inadequate or ineffective to test the legality of [a] detention." 28 U.S.C. § 2255(e); *see Jones v. Hendrix*, 599 U.S. 465, 474 (2023) ("Traditionally, courts have treated the saving clause as covering unusual circumstances in which is it impossible or impracticable for a prisoner to seek relief from the sentencing court."); *Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003) ("In some very limited circumstances, claims that fall within the substantive scope of § 2255 may properly be made in a petition filed under § 2241."). Section 2255 generally is "inadequate or ineffective" where it cannot be utilized and "the failure to allow for collateral review would raise serious constitutional questions." *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997). The savings clause, therefore, authorizes a petition under Section 2241 "only when § 2255 is unavailable *and* the petition is filed by an individual who (1) 'can prove actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[ ] of innocence at an earlier time.'" *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019) (quoting *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003)).

Petitioner fails to meet these predicates for a challenge of his sentence under Section 2241. First, he does not show that Section 2255 is unavailable. Section 2255 relief is "*not* inadequate or ineffective simply because the prisoner cannot meet the [Antiterrorism and Effective Death Penalty Act]'s gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition." *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004). Petitioner argues that Section 2255 is unavailable to him because "the conviction was obtained by Government corruption" and

"egregious error by the trial judge," and because the judge to whom that motion would be directed should have recused herself from all involvement in the case. (ECF No. 1, at 3, 6.) Petitioner provides no reason to believe, however, that "it [was] impossible or impracticable for [him] to seek relief from the sentencing court" in his previous Section 2255 challenges. *Jones*, 599 U.S. at 474. In any event, the gatekeeping provision of Section 2255(h)(2) permits a movant to seek approval from the Court of Appeals to file a second or successive Section 2255 motion if the motion is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Here, Petitioner does not allege that he made any attempt to seek permission from the appropriate Court of Appeals to file this second or successive petition under Section 2255(h), or that such relief is unavailable. Petitioner therefore fails to allege facts showing that Section 2255 is inadequate or unavailable to him.

Second, even if Petitioner could argue that Section 2255 relief is unavailable to him, he does not allege that he is actually innocent. In the context of a savings clause analysis, actual innocence "normally means simply that the defendant did not commit the crime." *Poindexter*, 333 F.3d at 381 (citations omitted). Petitioner does not allege any facts suggesting that he did not commit the crimes for which he was convicted. Instead, he alleges that the trial judge made rulings adverse to his defense, which is not the same as asserting actual innocence.

Finally, even if Petitioner could show that he can proceed with his actual innocence claim, he alleges no facts suggesting that he could not have raised his claims of innocence earlier, either on direct appeal or in a Section 2255 motion. *See Dhinsa*, 917 F.3d at 81 (petitioner invoking the savings clause must (1) 'prove actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[ ] of innocence at an earlier time.'" (citation omitted)).

Because Petitioner fails to show that Section 2255 is unavailable and that he can proceed with his actual innocence claim in a Section 2241 petition, he may not challenge his conviction under Section 2241.

**B. Transfer to the United States Court of Appeals for the Fourth Circuit**

Petitioner has already challenged this conviction and sentence by filing a Section 2255 motion. That motion was denied on the merits by the district court, and the denial was affirmed on appeal. *See United States v.* Crosby, 6 Fed. Appx. 162 (4th Cir. March 23, 2001). This Section 2255 motion is therefore a second or successive motion. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998) (holding that an application is second or successive when a prior motion was adjudicated on the merits).[1]

Before a petitioner may file a second or successive Section 2255 motion in a district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h). Petitioner has not indicated that he received authorization from a court of appeals to file this motion. Therefore, Petitioner must request permission to pursue this motion from the United States Court of Appeals for the Fourth Circuit, which encompasses Petitioner's district of conviction. Because second or successive motions should be transferred to the appropriate court of appeals, *Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996) (per curiam) (holding that second or successive Section 2255 motions should be transferred to the appropriate court of appeals), in the interest of justice, the Court transfers this motion to the United States Court of Appeals for the Fourth Circuit.

[1] A court may recharacterize an application as a second or successive Section 2255 motion without providing the petitioner an opportunity to withdraw the application. *Jiminian*, 245 F.3d at 148. Because Petitioner has already filed a Section 2255 motion that was decided on the merits, this application is recharacterized as a second or successive Section 2255 motion.

## CONCLUSION

In the interest of justice, the Court transfers this second or successive Second 2255 motion to the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 1631. *Accord Liriano*, 95 F.3d at 122–23 (holding that second or successive § 2255 motions should be transferred to the appropriate court of appeals). This order closes this action in this court.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that "a defendant's good faith in [a criminal] case [is] demonstrated when he seeks appellate review of any issue not frivolous").

SO ORDERED.

Dated: July 14, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge